IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CROSSFIRST BANK,                      §
                                      §
              Plaintiff,              §
                                      §     Civil Action No. 3:26-CV-0969-D
VS.                                   §
                                      §
GARRETT JOHNSON,                      §
                                      §
              Defendant.              §

MEMORANDUM OPINION
AND ORDER

In this severed action,[1] Busey Bank ("Busey"), as successor by merger to plaintiff

CrossFirst Bank ("CrossFirst"), moves under Fed. R. Civ. P. 54(d)(2) for an award of

$114,006.00 in attorney's fees and $433.12 in nontaxable costs against defendant Garrett

Johnson ("Johnson").  For the reasons that follow, the court grants Busey's motion.

I

The relevant background facts of this case are largely set out in a prior memorandum

opinion and order,[2] and need not be repeated at length for the purpose of deciding Busey's

motion.  In a separate action,[3] the court granted Busey's motion for partial summary

judgment on its breach of promissory note claim against Hard Knox Holdings, LLC ("Hard

---

[1]This action was severed from Civil Action No. 3:25-CV-0117-D.

[2]*CrossFirst Bank v. Johnson*, 2026 WL 74176, at *1 (N.D. Tex. Jan. 9, 2026)
(Fitzwater, J.).

[3]*See supra* at note 1.

Knox") and its breach of guaranty claim against Johnson.  After receiving a suggestion that Hard Knox had filed for bankruptcy, the court administratively closed the case due to the automatic stay imposed by § 362 of the Bankruptcy Code, 11 U.S.C. § 362.  Busey then filed an emergency motion to sever its claim against Johnson, which the court granted, and this case was opened.

The court entered judgment against Johnson on March 6, 2026.  Busey now moves for an award of $114,006.00 in attorney's fees and $433.12 in nontaxable costs.  Busey's amended certificate of conference indicates that Johnson opposes the motion, but Johnson has not filed a response.  The motion is now ripe for decision, and the court is deciding it without oral argument.

II

In a diversity case, state law controls whether attorney's fees are recoverable and reasonable.  *See, e.g.*, *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).  Texas law permits an award for attorney's fees only if authorized by statute or contract.  *See, e.g.*, *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006).

Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (West 2008) provides that a party "may recover reasonable attorney's fees from an individual . . . , in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract."  A guaranty agreement is a contract.  *See Material P'ships, Inc. v. Ventura*, 102 S.W.3d 252, 258 (Tex. App. 2003, pet. denied).  When a prevailing party in a breach of contract suit seeks attorney's

- 2 -

fees, an award of reasonable fees is mandatory under § 38.001 if there is proof that the fees are reasonable. *See Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000) (citing *World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662, 683 (Tex. App. 1998, pet. denied); *Atl. Richfield Co. v. Long Trusts*, 860 S.W.2d 439, 449 (Tex. App. 1993, writ denied)). "To recover attorney's fees under Section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (citing *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 437 (Tex. 1995)).

In addition to the statutory right to recover attorney's fees under the provisions of § 38.001, "[p]arties are free to contract for a fee-recovery standard either looser or stricter than Chapter 38's." *Intercontinental Grp.*, 295 S.W.3d at 653; *Mohican Oil & Gas, LLC v. Scorpion Explor. & Prod., Inc.*, 337 S.W.3d 310, 321 (Tex. App. 2011, pet. denied). "[T]he terms of the contract, not statute, control the outcome[.]" *Mohican Oil & Gas*, 337 S.W.3d at 321; *see also Intercontinental Grp.*, 295 S.W.3d at 653-54 (determining attorney's fees according to mandatory fee-award contract and looking to § 38.001 only as instructive but not controlling).

"[U]nder Texas law, a prevailing party authorized 'to obtain attorney's fees from the opposing party' still 'must prove that the requested fees are both reasonable and necessary.'" *Restoration 1 Franchise Holding, LLC v. Coast 2 Coast Restoration LLC*, 2026 WL 641854, at *2 (N.D. Tex. Feb. 13, 2026) (Horan, J.) (quoting *Aircraft Holding Sols., LLC v. Learjet, Inc.*, 2023 WL 5311486, at *3 (N.D. Tex. Aug. 17, 2023) (Fitzwater, J.)), *rec. adopted*, 2026

- 3 -

WL 641082 (N.D. Tex. Mar. 6, 2026) (Fitzwater, J.). "The preferred method of federal courts calculating reasonable attorneys' fees under Texas law is the lodestar method." *Id.* (citation omitted). The lodestar method consists of two steps:

> [T]he court must first determine a base lodestar figure based on reasonable hours worked multiplied by a reasonable hourly rate. Then, the court may adjust the lodestar if relevant [*Arthur Andersen*] factors indicate an adjustment is necessary to reach a reasonable fee in the case. Such factors include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Salt & Light Energy Equip., LLC v. Origin Bancorp, Inc.*, 2026 WL 1067475, at *2 (N.D. Tex. Apr. 20, 2026) (Godbey, J.) (cleaned up); *see also Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).[4] "The lodestar is presumptively reasonable . . . , but the applicant bears the burden of substantiating both the requested hours and the

---

[4]The *Arthur Andersen* factors are similar to those articulated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The Fifth Circuit has not decided whether the *Johnson* factors control in Texas diversity cases. *See Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000) (declining to reach this question). But under either set of factors, the court concludes that no upward or downward adjustment of the lodestar is warranted. *See infra* at § VI.

hourly rates." *See HMC RFG Invs. LLC v. Jones*, 2024 WL 2853953, at \*1 (N.D. Tex. June 4, 2024) (Fitzwater, J.) (citations omitted). To fulfill this burden, the applicant must provide, at a minimum, "evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019).

## III

The court considers initially whether Busey is entitled to recover reasonable attorney's fees.

Whether by contract or by statute, Busey, as Crossfirst's successor by merger, can recover attorney's fees from Johnson. Crossfirst's guaranty agreement with Johnson states that "Guarantor shall pay on demand all reasonable attorneys' fees and all other costs and expenses incurred by the Bank in the enforcement of the Bank's rights under this Guaranty." P. App. (ECF No. 5-1) at 7; *see Haggard v. Bank of Ozarks Inc.*, 668 F.3d 196, 203 (5th Cir. 2012) (interpreting a guaranty agreement with similar language and concluding that "if Haggard breached the guaranty agreement, he agreed to pay reasonable attorney's fees and costs."). Moreover, Busey is a prevailing party for purposes of Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) because the court granted summary judgment on Busey's breach of guaranty claim. *See Clouse v. S. Methodist Univ.*, 170 F.4th 367, 372 (5th Cir. 2026) (movant was a prevailing party because the district court granted summary judgment as to

- 5 -

eight of the nine plaintiffs).

Accordingly, the court holds that Busey is entitled to reasonable attorney's fees from Johnson.

### IV

The court now turns to the lodestar calculation and begins by determining the reasonable hourly rates.

### A

"The hourly rates to be used in the lodestar calculation are determined by 'the prevailing market rates in the relevant community.'" *Barrow v. Greenville Indep. Sch. Dist.*, 2005 WL 6789456, at *15 (N.D. Tex. Dec. 20, 2005) (Fitzwater, J.) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)), *aff'd*, 2007 WL 3085028 (5th Cir. Oct. 23, 2007). The relevant legal community is the community where the district court sits. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). As the fee applicant, Busey "bears the burden of demonstrating 'that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Barrow*, 2005 WL 6789456, at *15 (quoting *Blum*, 465 U.S. at 895 n.11); *see also El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012). The trial court itself is considered an expert as to the reasonableness of attorney's fees and therefore may exercise its own expertise and judgment in making an independent valuation of appropriate attorney's fees. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004); *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 4275277, at *2 n.4 (N.D. Tex. Oct. 29.

2010) (Fitzwater, C.J.).

B

Busey seeks attorney's fees for partner and lead counsel Jacob W. Sparks, Esquire ("Sparks"), associate attorneys Miranda C. Granchi, Esquire ("Granchi") and Xenna K. Davis, Esquire ("Davis"), and paralegal Jessica R. Cannon ("Cannon"). Sparks charged hourly rates of $770 for services rendered in 2025, and $925.00 for services rendered in 2026; Granchi charged hourly rates of $635.00 in 2025 and $725.00 in 2026; Davis charged hourly rates of $500 in 2025 and $650 in 2026; and Cannon charged hourly rates of $335.00 in 2025 and $355.00 in 2026. To support the reasonableness of these rates, Busey attaches Sparks's declaration in which he avers that, based on his experience, "[t]hese rates are the standard rates charged by each timekeeper for financial services litigation matters and are consistent with rates charged by attorneys and paralegals of comparable experience at peer firms in the Dallas-Fort Worth legal market for similar work." P. App. (ECF No. 5-1) at 55 ¶ 22.

These hourly rates are consistent with the prevailing commercial litigation market rates established by this court in recent cases. *See, e.g.*, *Hill v. Schilling*, 2022 WL 1321548, at *6 (N.D. Tex. 2022) (Lindsay, J.) (finding partner rates of $730 to $830 reasonable); *ICM US Operating, LLC v. Industrias Costa Mesa, S.A. de C.V.*, 2025 WL 1646592, at *7 (N.D. Tex. 2025) (Kinkeade, J.) (finding rates of $544.00 to $1,065.00 per hour for partners and $225.00 to $400 per hour for paralegals reasonable); *Salt & Light Energy*, 2026 WL 1067475, at *3 (finding rates of $300 to $800 reasonable). The rates requested also appear

- 7 -

to be the regular rates charged by each attorney and paralegal. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) (per curiam) ("When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed." (quoting *Islamic Ctr. of Miss., Inc. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989))). And Johnson has failed to offer any countervailing evidence that would cause the court to question the reasonableness of these rates. *See HMC RFG Invs.*, 2024 WL 2853953, at *2 (noting nonmovant's failure to challenge rates); *Vallejo v. Keller Indep. Sch. Dist.*, 2026 WL 948399, at *3 (N.D. Tex. Apr. 8, 2026) (O'Connor, C.J.) (same).

Therefore, the court, as an expert in determining the reasonableness of attorney's fees, finds the requested rates reasonable.

V

The court next considers the reasonableness of the hours worked.

A

"Courts 'should obtain sufficient information to make a meaningful evaluation of the application for attorney's fees.'" *Salt & Light Energy*, 2026 WL 1067475, at *4 (quoting *El Apple*, 370 S.W.3d at 762). "Charges for duplicative, excessive, or inadequately documented work should be excluded." *Id.* (citation omitted). But "'[i]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing,' so '[i]t is a common

practice for courts to address only those potentially inadequate entries brought to the court's attention.'" *Restoration 1*, 2026 WL 641854, at *2 (alterations in original) (quoting *Hoffman v. L & M Arts*, 2015 WL 3999171, at *5 (N.D. Tex. July 1, 2015) (Fitzwater, J.)).

B

Busey seeks attorney's fees for 178.6 hours of work performed by its attorneys and their paralegal. Busey has submitted time records with daily entries billed to the tenth of the hour. These records and Sparks's declaration demonstrate that Busey's attorneys and their paralegal spent this time, *inter alia*, conducting pre-suit investigation and case initiation, reviewing and responding to filings, engaging in discovery and discovery conferences, and writing Busey's motion for summary judgment and its post-summary judgment motions. By failing to file an opposition response, Johnson has not directed the court's attention to any inadequately documented entries. Had Johnson filed a timely response, the court might have considered excluding from the lodestar certain time entries that seem to be block-billed or seek compensation for clerical work. But absent such an objection, the court is not obliged to search the fee records *sua sponte* for such deficiencies. *See Restoration 1*, 2026 WL 641854, at *2.

Accordingly, Busey has proved the reasonableness of its counsel's billing rates and hours billed, and the court accepts the lodestar calculation of $114,006.00.

VI

The court concludes that no upward or downward adjustment of the lodestar is warranted under Texas' *Arthur Andersen* factors, *Arthur Andersen*, 945 S.W.2d at 818, or

- 9 -

the Fifth Circuit's similar *Johnson* factors, *Johnson*, 488 F.2d at 717-19. *See Restoration 1*, 2026 WL 641854, at *7 ("[T]he lodestar . . . is presumed to be reasonable and should only be modified in exceptional cases."). Accordingly, the court awards Busey the sums of $114,006.00 in attorney's fees and $433.12 in nontaxable costs.[5]

\*   \*   \*

For the reasons explained, the court grants Busey's motion for attorney's fees, and awards Busey the sum of $114,006.00 in attorney's fees plus $433.12 in nontaxable costs. It is ordered the Johnson pay these attorney's fees and nontaxable costs within 30 days of the date this memorandum opinion and order is filed. If he fails to do so, Busey shall have a collectable judgment against Johnson in the sum of $114,006.00 plus $433.12.

**SO ORDERED**.

June 9, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[5]In addition to attorney's fees, Rule 54(d)(2) permits prevailing parties to seek "related nontaxable expenses." Because Johnson does not challenge Busey's request for nontaxable costs, the court awards the requested amount. *See Benton v. U.S. E.P.A.*, 2014 WL 5147983, at *8 (N.D. Tex. Oct. 14, 2014) (Fitzwater, C.J.).